IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TROY BRIGGS, #307551,                          *

    Petitioner,                            *

v.                                             *    CIVIL ACTION NO. WDQ-11-679

J. PHILLIP MORGAN,                             *

    Respondent.

****** 

## MEMORANDUM OPINION

Pending is Troy Briggs's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.

No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the

petition will be denied.

I. Background

On May 7, 2001, Briggs was convicted of cocaine distribution in the Circuit Court for

Baltimore County. ECF No. 3, Ex. 1. On April 10, 2002, he was sentenced as a subsequent offender

to 25 years incarceration without the possibility of parole. *Id.* He timely appealed, and his

conviction and sentence were affirmed by the Maryland Court of Special Appeals on July 28, 2003.

*Id.* On September 8, 2003, the court's mandate issued. *Id.* Briggs did not seek further direct review

of the conviction. *See id.*

On March 31, 2006, Briggs filed a petition for post conviction relief under the Maryland

Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq.*, in the Circuit

Court for Baltimore County. *Id.* On April 18, 2007, he withdrew the petition without prejudice. *Id.*

On July 10, 2007, he filed a motion to correct an illegal sentence. *Id.* On September 10, 2007, the

Circuit Court for Baltimore County denied that motion, and the denial was affirmed by the Maryland

Court of Appeals. *Id.* The Court of Appeal's mandate was issued on June 3, 2010. *Id.*, Exs. 1 & 2.

On March 7, 2011, Briggs filed his petition for habeas corpus under 28 U.S.C. § 2254 in this Court.

ECF No. 1.

II. Analysis

The Respondent argues that Briggs's petition must be denied because it is untimely. ECF

No. 3 at 4. Briggs argues that his habeas petition is timely because it was filed within one year of the

Court of Appeal's decision affirming the denial of his motion to correct an illegal sentence. ECF No.

5 at 3-4.

Under 28 U.S. C. § 2244(d), a "1-year period of limitation shall apply to an application for a

writ of habeas corpus" filed by a person in custody pursuant to a state court judgment. The one-year

period runs from "the latest of" four possible dates, including "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S. C. § 2244(d) (1). The one-year period is extended if properly filed post-conviction

proceedings are pending, or equitable tolling is warranted. *See* 28 U.S.C. §2244(d)(2); *Harris v.*

*Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies when the petitioner (1) has

diligently pursued his rights, and (2) some extraordinary circumstance prevented his timely filing.

*Holland v. Florida,* --- U.S. ----, 130 S. Ct. 2549, 2562 (2010).

Briggs's state court conviction became final, and the statute of limitations began to run, on

September 23, 2003 when his time for seeking further direct review expired. *See* Md. Rule 8-302

(petition for writ of certiorari must be filed no later than 15 days after the Court of Special Appeals

issues its mandate). Although Briggs's state motions for post conviction relief and to correct an

illegal sentence may have tolled the limitations period under § 2244 (d) (2) if they had been filed

2

within the year,[1] those motions were filed more than two years after his conviction became final, and more than one year after his time to file a federal habeas petition had expired.

Equitable tolling does not excuse the late filing of Briggs's petition. Briggs offers no explanation for the two years of inactivity between the conclusion of his direct appeals and the beginning of his post conviction proceedings. Nor does he explain the nine month delay between the conclusion of his state motion to correct and the filing of this petition. Briggs's *pro se* status and lack of knowledge of the law are not extraordinary circumstances sufficient to justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (equitable tolling did not apply when the delay was caused by petitioner's unfamiliarity with the legal process and lack of representation); *Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (counsel's mistake in interpreting AEDPA statute of limitations did not justify equitable tolling). Accordingly, Briggs's petition is time-barred and will be denied.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue" only if "the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Briggs has not made that showing, a certificate of appealability will not be issued.

III. Conclusion

For the reasons stated above, Briggs's habeas corpus petition will be denied.

6/2/11
_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[1] *See Wall v. Kholi*, --- U.S. ---, 131 S. Ct. 1278, 1286 (2011) (motion to reduce sentence filed by state prisoner pursuant to Rhode Island law as a post-conviction motion not part of the direct review process, which required reexamination of prisoner's sentence, was a motion for "collateral review" that tolled the AEDPA's one-year statute of limitations).